UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ONE 2010 NISSAN MAXIMA, | ) | |
| VIN: 1N4AA5AP3AC856053, | ) | |
| WITH ALL APPURTENANCES AND | ) | |
| ATTACHMENTS THEREON, | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT OF FORFEITURE

Comes now plaintiff, United States of America, by and through its attorneys, Richard G.

Callahan, United States Attorney for the Eastern District of Missouri, and Jennifer A. Winfield,

Special Assistant United States Attorney, for said district, and in a civil cause of action for

forfeiture respectfully states as follows:

1.  In this *in rem* civil action the United States seeks forfeiture of certain property,

currently in the possession and custody of the plaintiff pursuant to the provisions of Title 21,

United States Code, Section 881.

2.  Subject Matter Jurisdiction of this Court is based on Title 28, United States Code,

Sections 1345, 1355(a), and Title 21, United States Code, Section 881.  *In rem* jurisdiction is

based on Title 28, United States Code, Section 1355.  Venue is proper in this district pursuant to

Title 28, United States Code, Sections 1355 &1395 and Title 21, United States Code, Section

881(j).

3.  The defendant property was furnished or intended to be furnished in exchange for

controlled substances in violation of the Controlled Substances Act, Title 21, United States Code,

Section 801 *et seq.*, was proceeds traceable to such an exchange, and was used or intended to be used to facilitate such an exchange. The defendant property is therefore subject to forfeiture to the United States of America, under the provisions of Title 21, United States Code, Section 881(a)(4).

4. The defendant property was seized in the Eastern District of Missouri and is now, and during the pendency of this action will be in the jurisdiction of this court.

5. At the time of seizure, Reginald Bond claimed the vehicle was owned by him and he has submitted a claim of ownership to the defendant vehicle.

6. The defendant conveyance is appraised at approximately $25,500.00.

7. On or about September 1, 2011, the defendant vehicle was seized from Reginald Bond by the Drug Enforcement Administration. The plaintiff alleges the defendant property is subject to forfeiture and for its reasons states as follows:

8. Pursuant to information revealed through surveillance and other law enforcement techniques, a joint investigation conducted by the Drug Enforcement Administration and the Florissant Police Department identified Reginald Bond as a member of a significant heroin distribution organization operating in the St. Louis area.

9. At multiple times during surveillance operations, investigators observed Reginald Bond utilize a 2010 Nissan Maxima to facilitate suspected drug transactions throughout the St. Louis area.

10. Subsequent to the investigation, on or about September 1, 2011, investigators met with Bond at his place of employment and placed him into custody. Investigators advised Bond of his Miranda rights, to which he stated he understood and elected to speak with law enforcement. Bond advised investigators that he had a large quantity of heroin at his residence.

2

He further admitted to driving the 2010 Nissan Maxima during drug transactions. Bond relinquished his keys to the vehicle to investigators, at which time investigators seized the vehicle and transferred Bond to his residence.

11. Continuing on September 1, 2011, Bond gave investigators permission to enter his residence. Investigators advised Bond that a federal search and seizure warrant had been obtained, and at that time they executed the warrant at his residence on Trampe Avenue in St. Louis. During the search, agents discovered and seized approximately 20 ounces of heroin, approximately 6 ounces of cocaine, and 2 digital scales.

12. The only person known to have a possible interest in the defendant property is Reginald Bond and Capital One Auto Finance.

13. By reason of these premises, the defendant property is subject to forfeiture to the United States, pursuant to the provisions of Title 21, United States Code, Section 881.

WHEREFORE, Plaintiff prays that a Warrant for Arrest be issued for the defendant property and the defendant property be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the plaintiff be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney


/s/ Jennifer A. Winfield
JENNIFER A. WINFIELD, #53350MO
Special Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

3

## **VERIFICATION**

I, Special Agent Steven Hofer, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Drug Enforcement Administration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: ___3/6/2012___
                             (date)

_____
STEVEN HOFER
Special Agent
Drug Enforcement Administration

4